FAYER GIPSON LLP
ELLIOT B. GIPSON (State Bar. No. 234020)
EGipson@fayergipson.com
STEVEN G. EDWARDS (State Bar No. 304165)
SEdwards@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: 310.557.3558
Facsimile: 310.557.3589

Attorneys for Plaintiff
Michael Grecco Productions, Inc., a
California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>MOVIEPILOT, INC., a Delaware corporation; CREATORS MEDIA, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:17-CV-01728<br><br>**COMPLAINT FOR: DIRECT COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |



FAYER GIPSON LLP

FAYER GIPSON LLP

## COMPLAINT

Plaintiff Michael Grecco Productions, Inc. ("Grecco" or "Plaintiff") alleges, on information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint for direct copyright infringement against defendants MoviePilot, Inc. ("Movie Pilot") and Creators Media, Inc. ("Creators Media") (collectively, "Defendants") as indicated herein under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., requesting actual and statutory damages stemming from Defendants' for-profit, unauthorized reproduction, distribution, licensing and exploitation of Plaintiff's copyrighted photographs through Defendants' owned and managed websites "Movie Pilot" located at moviepilot.com and "Creators" website at creator.co.

2. Plaintiff is a highly acclaimed photographer who, over the past three decades, has built a successful career out of carefully investigating and researching unique, exclusive and often inaccessible subjects to photograph. The uniqueness of Plaintiff's portfolio has resulted in substantial licensing opportunities throughout the years, and Plaintiff relies on income from these licensing opportunities for both his living and to research and fund future photo shoots.

3. Defendant Movie Pilot owns and operates the website moviepilot.com, generating web traffic realizing advertising revenue and licensing fees on the basis of content that has been copied from Plaintiff. Defendant Creators provides content to Movie Pilot and also displays images stored on Movie Pilot's servers. On or about December 5, 2016, Movie Pilot re-branded its company name and changed it to "Creators Media." As of December 5, 2016, the websites located at moviepilot.com and creators.co are owned and operated by Creators Media. At all relevant times herein, prior to December 5, 2016 the moviepilot.com website was owned and operated by Movie Pilot, Inc., which purports to maintain at least a nominal legal existence even after the acquisition of moviepilot.com by Creators Media.

4. Defendant Movie Pilot does not qualify for and is not protected by the DMCA as Defendant's employees and agents post the content on its website. Although Movie Pilot, Inc. has not attempted to avail itself of the DMCA, its former affiliate Moviepilot GmbH attempted to avail itself of DMCA protection by registering a copyright agent with the copyright office. Moreover, even if Defendant Moviepilot, Inc. might potentially avail itself of DMCA immunity through Moviepilot GmbH's registration of a copyright agent, it has failed to satisfy the requisite technical requirements of the DMCA safe harbor and therefore in practice may not avail itself of such safe harbor protections. However, in fact, Movie Pilot, Inc. on its own accord never attempted to register a DMCA copyright agent. Likewise, Creators Media, Inc. does not have a copyright agent registered with the copyright office. Although Plaintiff is not required to issue a take-down notice in this circumstance, it did in fact issue Ben Kubota of Defendants Movie Pilot and Creators Media a take-down notice with respect to the photographs in question in this action via email and U.S. mail on or about August 26, 2016. Now, six (6) months after such notice was sent, all of Plaintiff's complained of photographs are still being distributed and displayed on Defendants' websites. Even if Defendants' acts of infringement were not willful at the time of the original posting, they have now indisputably become willful with the passage of time after ignoring Plaintiff's lawful request.

5. Without Plaintiff's authorization, Defendant Movie Pilot has reproduced and distributed no less than three (3) of Plaintiff's works by posting copies of Plaintiff's photographs to moviepilot.com. Since its acquisition of the movipilot.com website, Defendant Creators has continued to distribute said photographs. In addition, Defendant Creators has reproduced and distributed no less than one (1) of Plaintiff's works on creators.co. Defendants' continuing acts of infringement at least as early 2016 and can still be viewed on movipilot.com and creators.co as of the filing of the complaint. Moreover, the photographs are still being stored on Defendant Movie Pilot's server. Defendants have reproduced and distributed Plaintiff's works at the

URLs indicated on the attached **Exhibit A**.

6. Defendants' conduct has caused and continues to cause enormous and irreparable harm to Plaintiff, and Plaintiff must be compensated for Defendants' willful acts of infringement and Defendants must be ordered to cease and permanently desist from their infringing activities.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(a).

8. This Court has personal jurisdiction over Defendant, and venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a), because Defendants may be found and conduct business in this District, and the acts of infringement complained of herein occurred in this District. Moreover, the injury suffered by Plaintiff, a resident of this District, occurred in this District.

**THE PARTIES**

9. Plaintiff Grecco is a California corporation headquartered in Los Angeles, California, and is the owner of the copyrights to the photographs that are the subject of this action. Plaintiff Grecco is duly registered with the California secretary of state's office and is registered under California entity number C2064370.

10. Defendant Moviepilot, Inc. is a Delaware corporation with offices in California located at 2100 Abbot Kinney Boulevard, Unit D, Venice, California 90291. It is registered with California secretary of state's office and is registered under California entity number C3495070. Ben Kubota is an officer and owner of Movie Pilot. According to its website, Mr. Kubota is the purported copyright agent for Movie Pilot.

11. Defendant Creators Media, Inc. is a Delaware corporation with offices in California located at 2100 Abbot Kinney Boulevard, Venice, California 90291 and 512 Victoria Ave, Venice Beach, CA 90291, USA. It is not registered with California



FAYER GIPSON LLP

secretary of state's office. Ben Kubota is an officer and owner of Creators. According to its website, Mr. Kubota is the purported copyright agent for Creators.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1-10, inclusive, are unknown at the present time and Plaintiff therefore sues said DOES and each of them by such fictitious names. If necessary, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities when they are ascertained.

13. Unless otherwise indicated herein, on information and belief, each of Defendants and DOES 1-10, inclusive, participated in the activities described herein and rendered material assistance to the other Defendants in the actions alleged herein, conspired and agreed with and aided and abetted one or more of the other Defendants and at all relevant times each of the Defendants was the principal or agent, partner, independent contractor, loan-out company, servant and/or employee of at least one other of the other Defendants and all of the acts performed by them or omissions alleged herein were made in the course and scope of their employment, agency, partnership or other such relationship and with knowledge, consent, approval and/or ratification of the principals and each of them. Unless otherwise indicated herein, each of the parties herein named as Defendants or DOES 1-10 is responsible in some manner or fashion and is liable and responsible on the facts alleged herein for all the relief sought. Defendants are jointly and severally liable for all acts of infringement described herein.

## GENERAL ALLEGATIONS

14. Plaintiff Michael Grecco Productions, Inc. is owned by Michael Grecco, a renowned photographer who resides in Los Angeles, California. Mr. Grecco is an award winning commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for NBC/Universal, GE, Pfizer, HBO, Kodak, ABC, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier, and MAXIM, amongst others.

His distinguished work is regularly featured in prestigious galleries such as Louis Stern, G. Ray Hawkins, Stephen Cohen and Fahey Klein. Mr. Grecco's works have significant commercial value.

***Plaintiff's Celebrity Photographs***

15. Mr. Grecco often conducts celebrity photo shoots on behalf of magazines and movie studios and during awards shows. Amongst the photographs Mr. Grecco has taken, are photographs of television stars Richard Dysart of *L.A. Law* fame, and Gillian Anderson and David Duchovny of the *X-Files*.

16. With the expansion of access to the Internet in the 2000s, interest in Mr. Grecco's celebrity photography exploded, resulting in lucrative licensing opportunities for Plaintiff. Plaintiff and Plaintiff's agents have licensed Mr. Grecco's celebrity photographs to such media outlets as *The Daily Mail* as *The Wall Street Journal*.

17. Plaintiff owns the copyrights to all of the photographs listed in **Exhibit A**.

***Defendants' Infringement of Plaintiff's Photographs***

18. Defendants Creators and Movie Pilot own, control and operate a website named "Movie Pilot," located at www.moviepilot.com. According to Alexa, a website ranking service owned by Amazon.com, moviepilot.com ranked number 1731 for website traffic in the United States and number 4672 for website traffic in the entire world. Approximately forty-five percent (45%) of the website traffic on www.moviepilot.com originates from the United States.

19. Defendant Creators also owns, controls and operates a website named "Creators," located at www.creators.co.

20. Plaintiff never gave Defendants permission to upload, reproduce, distribute or license any of the photographs listed in **Exhibit A** ("Plaintiff's Works").

21. Plaintiff owned Plaintiff's Works at all times during Defendants' infringement.



FAYER GIPSON LLP

22. The photograph of Richard Dysart included in Plaintiff's Works was registered with the United States Copyright Office at all times prior to Defendant Movie Pilot's unauthorized reproduction, distribution and public display of Plaintiff's Works. It was registered with the United States Copyright Office as of July 7, 2010 with registration number VA-1-431-698. It was originally registered to Michael Grecco Photography, Inc., the company's name being changed to Michael Grecco Productions, Inc. in 2012.

23. The photographs of Gillian Anderson and David Duchovny included in Plaintiff's Works were registered to Michael Grecco Productions, Inc. with the United States Copyright Office as of January 22, 2017, with registration number VA 2-030-741.

24. Defendant Creators' and Movie Pilot's unauthorized reproduction, distribution and public display of Plaintiff's Works was willful, intentional, and in reckless disregard of Plaintiff's rights in and to Plaintiff's Works.

25. Defendants unauthorized reproduction and distribution of the Plaintiff's Works has continued, uninterrupted, since they were first posted to moviepilot.com.

26. As a direct result of Defendants' acts and omissions, Plaintiff has suffered damages, including but not limited to lost licensing revenues. Defendant's acts and omissions have also devalued Plaintiff's works, by widely disseminating unauthorized copies of those works, while reaping substantial financial rewards on the basis of such stolen content.

## FIRST CLAIM FOR RELIEF

## (Direct Copyright Infringement, 17 U.S.C. § 501)

## Against All Defendants

27. Plaintiff repeats and realleges the allegations made in paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is the author and owner of the copyrights to Plaintiff's Works.



FAYER GIPSON LLP

29. On or about June 27, 2014 Defendant Creators posted one of Plaintiff's photographs of David Duchovny and Gillian Anderson on its website without authorization at https://creators.co/@musinghour/1604305. The photograph used for this infringement is stored on and made publicly available from the servers located at moviepilot.com. As of the filing of this complaint, the infringement is still ongoing.

30. On or about January 16, 2015, Defendant Movie Pilot posted Plaintiff's photograph of Richard Dysart on its website without authorization at https://moviepilot.com/posts/2580785. Subsequent to its acquisition of the moviepilot.com website, Defendant Creators Media continued to distribute said photograph without Plaintiffs' authorization. As of the filing of this complaint, the infringement is still ongoing. Because Defendant's copyright infringement was willful, Plaintiff is entitled to statutory damages equal to $150,000 for the Richard Dysart photograph.

31. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 in connection with the Richard Dysart photograph.

32. On or about October 15, 2015, Defendant Movie Pilot posted one of Plaintiff's photographs of David Duchovny and Gillian Anderson on its website without authorization at https://moviepilot.com/posts/3592466. Subsequent to its acquisition of the moviepilot.com website, Defendant Creators Media continued to distribute said photograph without Plaintiff's authorization. As of the filing of this complaint, the infringement is still ongoing.

33. On or about February 1, 2016, Defendant Movie Pilot posted one of Plaintiff's photographs of David Duchovny and Gillian Anderson on its website without authorization at https://moviepilot.com/posts/3764199. Subsequent to its acquisition of the moviepilot.com website, Defendant Creators Media continued to distribute said photograph without Plaintiff's authorization. As of the filing of this complaint, the infringement is still ongoing.

34. Defendants have directly infringed Plaintiff's copyrights through the unauthorized reproduction and distribution of Plaintiff's Work.

35. Defendants' infringement was and is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

36. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

37. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in Plaintiff's Works. Plaintiff is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. For an award of $150,000.00 in statutory damages for willful copyright infringement for the Richard Dysart photograph against both Defendants;

B. For an award of actual damages for copyright infringement, in an amount to be ascertained at trial for the Gillian Anderson and David Duchovny photographs against both Defendants;

C. For prejudgment interest thereon;

D. For a preliminary and a permanent injunction enjoining Defendants, and its respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from further exploitation of Plaintiff's Works;

E. For a declaration that Defendants have violated the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

F. For Plaintiff's costs of suit;

G. For reasonable attorneys' fees against defendant Movie Pilot, Inc., including those pursuant to the Copyright Act, 17 U.S.C. § 505 with respect to the Richard Dysart photograph;

H. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringement of Plaintiff's copyrights.

I. For such other and further relief as the Court may deem just and proper.

DATED: March 3, 2017

FAYER GIPSON LLP
ELLIOT B. GIPSON
STEVEN G. EDWARDS

By /s/ ELLIOT B. GIPSON
ELLIOT B. GIPSON
Attorneys for Plaintiff Michael Grecco Productions, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

DATED: March 3, 2017

FAYER GIPSON LLP
ELLIOT B. GIPSON
STEVEN G. EDWARDS

By /s/ ELLIOT B. GIPSON
ELLIOT B. GIPSON
Attorneys for Plaintiff Michael Grecco Productions, Inc.